IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SHAKER ALAWDI, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-09122-MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT; VACATING HEARING** |

Before the Court is plaintiff Brian Whitaker's ("Whitaker") "Application for Default Judgment by Court Against Shaker Alawdi and Husam Alawdi," filed August 5, 2022, as amended August 12, 2022.  No opposition or other response has been filed.  Having read and considered the papers filed in support of the motion, the Court deems the matter suitable for decision on the moving papers, VACATES the hearing scheduled for September 9, 2022, and rules as follows.

In the First Amended Complaint ("FAC"), the operative complaint, Whitaker, "a California resident with physical disabilities" who "uses a wheelchair for mobility," alleges that, in November 2021, he visited "Orange Tree," a business owned by defendants Shaker Alawdi and Husam Alawdi (collectively, "the Alawdis"), located in San Bruno, California.  (See FAC ¶¶ 1-3, 8.)  Whitaker alleges that, on the date he visited Orange Tree, he encountered "barriers," specifically, inside dining surfaces that were not wheelchair accessible, for the reason that they lacked sufficient toe and knee clearance. (See FAC ¶¶ 11-12, 16.)  Based thereon, Whitaker asserts two Causes of Action, titled, respectively, "Violation of the Americans with Disabilities Act" and "Violation of the Unruh Civil Rights Act."

1  Upon entry of default, the factual allegations in a complaint, other than those
2  pertaining to the amount of damages, are "taken as true."  See Geddes v. United
3  Financial Group, 559 F.2d 557, 560 (9th Cir. 1977).  Here, the Court, having assumed as
4  true the factual allegations in the FAC, finds the Alawdis, as owners of Orange Tree,
5  violated the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act
6  ("Unruh Act").  (See FAC ¶¶ 1-3, 8-12, 16-19, 25-28, 29.)
7  The Court next considers Whitaker's requests for relief, specifically, his requests
8  for (1) injunctive relief under the ADA, (2) damages under the Unruh Act (3) attorney's
9  fees under the ADA and/or the Unruh Act, and (4) litigation expenses and costs under the
10 ADA.
11 First, with respect to injunctive relief under the ADA, the Court finds, for the
12 reasons stated in the Application and declarations filed in support thereof (see Pl.'s Mem.
13 of P. & A. at 10:3 – 12:9; Whitaker Decl. ¶¶ 3-4; Marquis Decl. ¶ 2), Whitaker is entitled to
14 an injunction requiring the Alawdis to provide, at Orange Tree, inside dining surfaces in
15 compliance with the toe and knee clearance regulations set forth in the 2010 Americans
16 with Disabilities Act Standards for Accessible Design ("2010 ADAAG Standards"),
17 specifically, §§ 306.2 and 306.3 therein.
18 Next, with respect to the request for damages under the Unruh Act, the Court
19 finds, for the reasons stated in the Application (see Pl.'s Mem. of P. & A. at 13:17-25),
20 Whitaker is entitled to an award of damages as against the Alawdis.  The Court, however,
21 finds Whitaker is entitled to an award of $4,000 as against the Alawdis, jointly and
22 severally, in light of there being a single violation, rather than, as Whitaker requests, an
23 award of $4,000 as against each of the Alawdis severally, for a total of $8,000.  See Cal.
24 Civ. Code § 52(a) (providing defendant who violates Unruh Act "is liable for each and
25 every offense for the actual damages . . . up to a maximum of three times the amount of
26 actual damage but in no case less than four thousand dollars") (emphasis added);
27 Langer v. Joy Hospitality, Inc., 2021 WL 5873079, at *2-3 (C.D. Cal. October 29, 2021)
28 (finding, where plaintiff seeks minimum statutory damages under Unruh Act, courts

"multiply[ ] the authorized statutory damages figure by each proven statutory violation on any single property owned . . . by multiple parties, with all those responsible being held jointly and severally liable for the damages"; rejecting theory that "awardable amount of statutory damages is driven unilaterally and arbitrarily by how many defendants happen to be named").

With respect to attorney's fees, although the Court finds Whitaker is entitled under the ADA and Unruh Act to such an award, the Court finds the showing made by Whitaker is insufficient. In particular, Whitaker seeks an award of fees in the amount of $6,110, which figure represents all work done on the case beginning November 17, 2021. (See Handy Decl. ¶ 1, Ex. 10 to Appl.) The record indicates, however, that the only defendant named in the initial complaint, which was filed November 24, 2021, was Yisheng Zheng ("Zheng") and that the Alawdis were not named as defendants until March 9, 2022, the date on which the FAC was filed. Whitaker has not endeavored to show what portion of the work performed prior to March 9, 2022, if any, can be attributed to the pursuit of his claims against the Alawdis, as opposed to the claims he made, and then withdrew, against Zheng.[1] Under such circumstances, Whitaker's request for an award of attorney fees will be denied, without prejudice to his filing a renewed application within 14 days of entry of judgment. See Civil L.R. 54-5 (providing motion for award of attorney's fees "must be served and filed within 14 days of entry of judgment"). In that regard, should Whitaker seek an award based on work performed prior to March 9, 2022, Whitaker shall establish why such work was necessarily incurred in his pursuit of claims against the Alawdis, and, where appropriate, shall apportion any work performed prior to March 9, 2022, between his claims against Zheng and his claims against the Alawdis.

Lastly, Whitaker's request for an award of "litigation expenses and costs" under the ADA (see Pl.'s Mem. of P. & A. at 23:4-10) will be granted in part and denied in part. To the extent Whitaker seeks an award based on the filing fee ($405) and the

---

[1] Zheng is not named as a defendant in the FAC.

investigator's fee ($400), the motion will be granted.  As to service costs, however, although Whitaker seeks to recover $785.25, he has failed to show he incurred such expense for the purpose of serving the Alawdis, as opposed to Zheng, and, indeed, the proofs of service filed by the process servicer indicate the fees to serve the Alawdis totaled $70 (see Docs.18, 19), which amount will be awarded.  Consequently, Whitaker will be awarded expenses and costs in the amount of $875.

## CONCLUSION

For the reasons stated, Whitaker's Application for Default Judgment is GRANTED in part and DENIED in part, as follows:

1. To the extent Whitaker seeks injunctive relief, the Application is hereby GRANTED, and the Alawdis shall be required to provide, at Orange Tree, inside dining surfaces in compliance with the 2010 ADAAG Standards, specifically, the toe and knee clearance regulations set forth in §§ 306.2 and 306.3 of the 2010 ADAAG Standards.

2. To the extent Johnson seeks an award of damages, the Application is hereby GRANTED in part, specifically, Whitaker is awarded $4,000 as against the Alawdis, jointly and severally.

3. To the extent Whitaker seeks an award of expenses and costs, the Application is hereby GRANTED in part, specifically, Whitaker is awarded as against the Alawdis the sum of $875, jointly and severally

4. In all other respects, the Application is hereby DENIED, the denial of Whitaker's request for an award of fees being without prejudice, as set forth above.

The Clerk of Court is DIRECTED to enter judgment in conformity with the above.

**IT IS SO ORDERED.**

Dated: September 2, 2022

MAXINE M. CHESNEY
United States District Judge